IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOY ARNOLD, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF FLORISSANT, | ) | |
| MISSOURI, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KYLE FELDMANN, patrol officer, | ) | |
| sued in his individual and official | ) | |
| capacities, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TIMOTHY J. LOWERY, chief of police,) | | |
| sued in his official capacity. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THOMAS P. SCHNIEDER, mayor, | ) | |
| sued in his official capacity, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TIM LEE, alderman, | ) | |
| sued in his official capacity, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TIMOTHY JONES, alderman, | ) | |
| sued in his official capacity, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOSEPH EAGAN, alderman, | ) | |
| sued in his official capacity, | ) | |
| | ) | |

and                                          )
                                             )
JEFF CAPUTA, alderman,                       )
sued in his official capacity,               )
                                             )
and                                          )
                                             )
KEITH SCHILDROTH, alderman,                  )
sued in his official capacity,               )
                                             )
and                                          )
                                             )
GERARD HENKE, alderman,                      )
sued in his official capacity,               )
                                             )
and                                          )
                                             )
JACKIE PAGANO, alderwoman,                   )
sued in her official capacity,               )
                                             )
and                                          )
                                             )
MARK SCHMIDT, alderman,                      )
sued in his official capacity,               )
                                             )
and                                          )
                                             )
BEN HERNANDEZ, alderman,                     )
sued in his official capacity,               )
                                             )
                        Defendants.          )

## COMPLAINT FOR DAMAGES

### PARTIES AND JURISDICTION

1.     At all times relevant herein, Plaintiff Joy Arnold (hereinafter

"Plaintiff" or "Arnold") was a citizen and resident of St. Louis County, State of

Missouri, within the Eastern Division of the Eastern District of Missouri.

2.     Plaintiff Joy Arnold is a female of African-American decent.

2

3.      The City of Florissant, Missouri (hereinafter "City") is in St.
Louis County, Missouri, in the Eastern Division of the Eastern District of Missouri.
It is a municipal corporation organized and existing under the laws of the State of
Missouri, and more specifically, a fourth class city.

4.      Upon information and belief, Defendant City of Florissant maintains a
policy or policies of insurance with respect to tort claims filed against it/them and
its employees, agents and elected officials, including Defendant Kyle Feldmann.

5.      At all times relevant herein, Kyle Feldmann (hereinafter "Feldmann")
was a patrol officer with the Florissant Police Department (hereinafter
"Department"). At all times relevant herein, he was acting in his capacity as an
agent, servant and/or employee of the Department and the City and was acting
under color of law and pursuant to either official policy or the custom and practice
of the Department and/or the City. He is sued in his official and individual
capacities.

6.      At all times relevant herein, Defendant Feldmann acted under color of
the laws, statutes, ordinances, and regulations of the United States, the State of
Missouri, and the City.

7.      At all times relevant herein Defendant Feldmann acted under the
management, regulations, policies, customs, practices and usages of the
Department and/or City pursuant to his authority as either a law enforcement
officer and/or City official.

8.      Defendant Timothy J. Lowery, holds the rank of Police Chief Colonel with the City of Florissant Police Department and is the ultimate supervisor for Defendant Kyle Feldmann. Defendant Lowery is in charge of the Police Department and is a policy maker for the City.

9.      Defendant Thomas P. Schnieder is the mayor of the City of Florissant and is sued in his official capacity, and is a policy maker for the City.

10.     Defendants Tim Lee, Timothy Jones, Joseph Eagan, Jeff Caputa, Keith Schildroth, Gerard Henke, Jackie Pagano, Mark Schmidt and Ben Hernandez are alderpersons with Defendant City of Florissant and are all sued in their official capacities, and are policy makers for the City.

11.     The acts alleged herein occurred in the City of Florissant, St. Louis County, Missouri, within the Eastern Division of the Eastern District of Missouri.

12.     This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

13.     Plaintiffs demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTS COMMON TO ALL COUNTS

■ **Payment Plan with the Municipal Court**

14.     Prior to the traffic stop and arrest set forth below in greater detail, Plaintiff had been charged with the municipal infraction of "defective muffler".

4

Plaintiff had entered into a payment plan with the Municipal Court for the City of Florissant to resolve that and other traffic matters.

15.     In early February 2014, Plaintiff made a partial payment under the payment plan.

16.     On information and belief, shortly thereafter Plaintiff was contacted by an unknown white female court clerk who advised her that her February installment payment was incomplete and she was facing the issuance of a warrant for her arrest based on her failure to comply with the payment plan.

17.     Plaintiff explained to that court clerk that she was aware of the partial payment but was short the full funds and intended to complete the payment prior to the end of February 2014 (the deadline), to which the court clerk responded: "If you people would get up and get an education and a job this wouldn't happen to you."

18.     Plaintiff responded: "excuse me", and the clerk repeated her assertion.

19.     Plaintiff told the clerk she was offended and was in fact educated and had obtained two associates degrees (including one in paralegal studies).

20.     The next day Plaintiff filed a complaint with the City via a recorded message in which she reported the interaction and requested an investigation and response – no response was received.

21.     Shortly thereafter Plaintiff followed up her initial complaint via telephone with a live individual with the City who promised to follow up on the complaint – no follow up was made with the Plaintiff.

5

22.     Plaintiff timely made the second part of her February installment as well as her full March 2014 installment and was current with her payment plan with the City. She was assured by Court personnel that all warrants were removed from her record.

■ **Traffic Stop and Arrest**

23.     On or about March 29, 2014, Plaintiff was operating a motor vehicle in or around the City of Florissant, Missouri.

24.     Defendant Feldmann, then on-duty as a patrol officer with the City of Florissant Police Department, observed the Plaintiff operating the motor vehicle.

25.     With no individualized suspicion of wrongdoing and no reasonable suspicion that Plaintiff had committed a crime or had engaged in a traffic violation, he "conducted a computer inquiry" on Plaintiff's vehicle.

26.     On information and belief such self-initiated inquires by officers in this department are disproportionally directed towards African-American drivers such as the Plaintiff.

27.     Defendant Feldmann's computer inquiry "revealed there was an active warrant attached to the plate" of the motor vehicle the Plaintiff was driving.

28.     Defendant Feldmann initiated a traffic stop of the Plaintiff's vehicle.

29.     After stopping the Plaintiff's vehicle, Defendant Feldmann instructed Plaintiff to provide her driver's license and valid proof of insurance, both of which she provided to the officer.

6

30.     A subsequent computer inquiry of Plaintiff's driver's license revealed an active warrant for the moving violation of "failing to appear" for a "defective equipment (muffler)" summons.

31.     The warrant in question had been issued because Plaintiff "had been on a payment program for her cases and was behind on her payments." (NB: Pursuant to court documents, the Municipal Court for the City of Florissant later acknowledged that Plaintiff had "made her payment online and the case was pulled" but "her other cases were not pulled and they went to warrant in error").

32.     Defendant Feldmann instructed the Plaintiff that, on the sole basis of an apparent debt related to a municipal traffic summons, she was being placed under arrest and would be detained.

33.     Plaintiff objected and informed the officer that the warrant for "failing to appear" had been set aside as the Plaintiff had recently satisfied the matter with the Municipal Court of the City of Florissant.

34.     Plaintiff told Defendant Feldmann that she had on her phone, which was in her possession, a copy of the email sent by the Court Clerk for the City of Florissant which shows she was in compliance and any warrant had been issued in error.

35.     Defendant Feldmann told her to "shut the fuck up".

36.     Plaintiff then requested that the officer either (a) contact the Court Clerk to confirm this matter; or (b) allow her mother, who was nearby, to bring the

7

receipts and proof of payment which had been issued by the Municipal Court of the City of Florissant.

37. Defendant Feldmann again told the Plaintiff to "shut the fuck up", refused these reasonable requests (which could have confirmed Plaintiff had indeed satisfied the warrant and ended this chain of events), and instead seized the Plaintiff's cellular telephone, placed the Plaintiff under arrest - placing her in handcuffs - and transported her to the City of Florissant police station for processing and booking.

38. On the basis of this arrest, premised upon a warrant for failing to satisfy a debt for a "defective equipment" ticket, Defendant Feldmann then ordered the seizure and towing of Plaintiff's vehicle (which was subsequently transported to an impound lot by a private company under contract with Defendant City of Florissant).

■ **Detention and Assault**

39. At the City of Florissant Police Department, the Plaintiff's handcuffs were removed and she was searched and placed into a holding cell, the door to which was left open.

40. While in the holding cell the Plaintiff requested that Defendant Feldmann, or another officer, contact her mother so she could bring the paperwork which would explain the underlying warrant for her arrest was invalid. This request was again denied by Defendant Feldmann.

41.    During the booking process Plaintiff's phone (which was left on the book desk counter directly in front of her unlocked cell) began to ring. Believing it was her mother calling, Plaintiff requested that Defendant Feldmann answer the phone or allow her to do so. Defendant Feldmann refused.

42.    Plaintiff exited the open holding cell and walked to the booking desk where she picked up her phone to speak to her mother.

43.    Defendant Feldmann rose from his seat on the other side of the desk and began quickly moving around the desk towards the Plaintiff.

44.    The Plaintiff, attempting to speak to her mother, began walking away from Defendant Feldmann (though still within the holding area – which had no obvious means of egress from the building) towards a far wall.

45.    Defendant Feldmann then accelerated towards the Plaintiff, slammed her into the concrete wall, and dropped on top of her to the ground where he physically assaulted her until other officers arrived to break the parties apart.

46.    During the lengthy assault, in addition to the injuries suffered when she was slammed into the concrete wall, Plaintiff's head was repeatedly slammed onto the hard floor of the booking area.

47.    After a period of time two other, yet unidentified officers, came into the booking room and terminated the assault.

48.    After the assault, Plaintiff was placed back in a holding cell where she listened to police officers laugh about the assault and joke about what to charge her with.

49.     As a result of the assault, the Plaintiff, who suffers from a seizure disorder, informed Defendant Feldmann that she had just suffered from an epileptic seizure triggered by the assault and required medical attention.

50.     After this assault the Plaintiff was charged with: (i) resisting arrest; (ii) failure to comply with a police officer; and (iii) assault in the 3rd degree on a law enforcement officer.

51.     On information and belief, after booking, the Plaintiff's bond was set at $1,700.00.

52.     Plaintiff told the officers she could not afford that bond and requested that either (a) EMS be called for her seizure and injuries from the assault; or (b) she be transported for medical evaluation and attention to the injuries she suffered in the course of the assault by Defendant Feldmann.

53.     Officers denied her request for medical attention.

54.     On information and belief, Plaintiff's bond was later reduced to $920.00, which was subsequently posted by Plaintiff's mother, and she was released.

■ **Medical Treatment, Internal Affairs Reporting, and Actions by City**

55.     After her release, Plaintiff went to a hospital to report the assault, her seizure, and be evaluated for her injuries.

56.     Shortly after her arrest Plaintiff filed an Internal Affairs Complaint with the City of Florissant Police Department.

57.     As a result of that complaint:

    a.  the criminal charges filed against the Plaintiff were dismissed;

    b.  the municipal court entered an order expunging her arrest record; and

    c.  the City reimbursed the Plaintiff for the fees and costs associated with the impounding of her vehicle.

58.   As a direct and proximate result of the actions of the Defendants as alleged herein, Plaintiff has incurred damages, which include but are not necessarily limited to the cost of medical care and treatment, ongoing injuries as a result of the assault, a worsening of pre-existing conditions caused by the assault, false arrest, a malicious prosecution, a violation of her Civil Rights, and other damages.

59.   Plaintiff has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the actions of the Defendants alleged herein.

60.   As a direct and proximate result of the actions of the Defendants, Plaintiff has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

61.   Upon information and belief, the City and its police department and/or police officers have previously engaged in Constitutional violations similar to those set forth herein to include but not necessarily limited to the false arrest of, use of excessive force against, and malicious prosecution of citizens and residents of St. Louis County and surrounding counties, showing a pattern and practice, custom

11

and usage on the part of the Defendants to violate the constitutional rights of others under color of state law.

62.     Upon information and belief no internal review of Defendant Feldmann's use of force was conducted by the Department.

63.     Upon information and belief neither Defendant Feldmann nor anyone else in the City of Florissant has been disciplined for (a) failing to remove a clearly invalid warrant; (b) the false arrest of the Plaintiff; (c) the assault of the Plaintiff; and/or (d) the malicious prosecution of the Plaintiff.

64.     On information and belief, Defendant Feldmann's actions were not reported by the Defendants to the State bureau of Police Officers Standards and Training (the agency which governs law enforcement licensure).

## COUNT I – FALSE IMPRISONMENT (AGAINST DEFENDANTS FELDMANN AND THE CITY OF FLORISSANT)(STATE LAW CLAIM)

For Count I of Plaintiff's cause of action against Defendant Feldmann (in both his official and individual capacities) and against Defendant City of Florissant, Plaintiff states:

65.     Plaintiff incorporates by reference each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

66.     Plaintiff was restrained and detained by Defendants against her will.

67.     The Defendants had no legal justification to restrain or detain the Plaintiff.

68.     As a direct and proximate result of this restraint and detention the Plaintiff was injured.

69.     The acts of the Defendants involved a reckless or callous indifference to the Constitutional rights of Plaintiff (including Article I, Sections 2, 10, and 11 of the Missouri Constitution), making an award of punitive damages appropriate in this case to deter them and others from similar conduct in the future.

WHEREFORE, Plaintiff prays for a judgment against Defendants Feldmann and the City of Florissant for compensatory damages in an amount that is fair and reasonable to include but not necessarily limited to her physical injury and suffering, medical expenses, and her emotional pain and suffering; for punitive damages against Feldmann in his individual capacity; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT II - USE OF EXCESSIVE FORCE – 42 U.S.C. §1983 (ALL DEFENDANTS)

For Count II of Plaintiff's cause of action against all Defendants, Plaintiff states:

70.     Plaintiff incorporates by reference each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

71.     Feldmann assaulted Plaintiff without cause or justification, which actions and conduct caused Plaintiff to sustain the above-described injuries and damages.

13

72.     Defendant Feldmann's use of force was unnecessary and punitive.

73.     Plaintiff had a Constitutional right to be free from the excessive use of force.

74.     The use of force by Feldmann was unreasonable, obdurate, wanton, and intentional under the totality of the circumstances, particularly because Plaintiff was not resisting arrest, was not attempting to escape, was not acting violently or aggressively, or in a manner that posed any obvious danger to herself or anyone else, and therefore was in violation of Plaintiff's rights under the 4th and/or 14th Amendments to the United States Constitution.

75.     As a direct and proximate result of the actions of Feldmann as set forth herein, Plaintiff was caused to sustain injuries and damages which included, but were not necessarily limited to: injury to her neck, back and head; a worsening of her seizure condition; and chronic migraines. Plaintiff has also suffered from anxiety and depression since the incident described herein.

76.     Plaintiff required, and became responsible for the cost of, medical care and treatment.  Plaintiff has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the actions of Feldmann as alleged herein.

77.     As a direct and proximate result of the actions of Feldmann, Plaintiff has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, change in appearance, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

14

78.    The acts of Feldmann were taken under color of state law.

79.    The acts of Feldmann involved a reckless or callous indifference to the federally protected rights of Plaintiff, making an award of punitive damages appropriate in this case to deter him and others from similar conduct in the future.

WHEREFORE, Plaintiff prays for a judgment against Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily limited to her physical injury and suffering, medical expenses, and her emotional pain and suffering; for punitive damages against Defendant Feldmann in his individual capacity; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT III – COMMON LAW ASSAULT & BATTERY (AGAINST ALL DEFENDANTS)

For Count III of Plaintiff's cause of action against all Defendants, Plaintiff states:

80.    Plaintiff incorporates by reference each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

81.    Defendant Feldmann acted intentionally with the intent to cause Plaintiff to be in apprehension of bodily harm and to cause Plaintiff bodily harm.

82.    Defendant Feldmann assaulted and battered Plaintiff without cause or justification, which actions and conduct caused Plaintiff to sustain the above-described injuries and damages.

15

83.     The use of force by Feldmann was unreasonable under the totality of the circumstances, particularly because Plaintiff was not resisting arrest, was not trying to escape, and posed no danger to Defendant Feldmann, and therefore that assault was in violation of Plaintiff's rights under Missouri law, Articles I, Sections 2, 8, 10, and 15, the Missouri Constitution, and the 4th, 5th, 8th, and/or 14th Amendments to the United States Constitution.

84.     As a direct and proximate result of the actions of Feldmann as set forth herein, Plaintiff was caused to sustain injuries and damages which included, but were not necessarily limited to: injury to her neck, back and head; a worsening of her seizure condition; and chronic migraines. Plaintiff has also suffered from anxiety and depression since the incident described herein.

85.     Plaintiff required, and became responsible for the cost of, medical care and treatment.  Plaintiff has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the actions of Feldmann as alleged herein.

86.     As a direct and proximate result of the actions of Feldmann, Plaintiff has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, change in appearance, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

87.     The acts of Feldmann were taken under color of state law.

88.     The acts of Feldmann involved a reckless or callous indifference to the federally protected rights of Plaintiff, making an award of punitive damages appropriate in this case to deter him and others from similar conduct in the future.

WHEREFORE, Plaintiff prays for a judgment against Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily limited to her physical injury and suffering, medical expenses, and her emotional pain and suffering; for punitive damages against Defendant Feldmann in his individual capacity; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV – MALICIOUS PROSECUTION (AGAINST ALL DEFENDANTS)

For Count IV of Plaintiff's cause of action against all Defendants, Plaintiff states:

89.     Plaintiff incorporates by reference each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

90.     After Plaintiff was assaulted by Defendant Feldmann, without any probable cause to support the charges, he and other unknown police officers charged Plaintiff with (i) resisting arrest; (ii) failure to comply with a police officer; and (iii) assault in the 3rd degree on a law enforcement officer.

91.     A prosecution on these charges was commenced by the filing of the citations by officers of the City of Florissant Police Department.

92.   All three charges were subsequently dismissed.

93.   The above mentioned prosecution was instated with malice and intended to cover-up the assault and wrongful arrest of the Plaintiff by Officer Feldmann.

94.   The prosecution was initiated with the knowledge of all Defendants, or said Defendants should have been on notice that such a prosecution was being filed.

95.   As a direct and proximate cause of the false charges, which carry potential jail time, the Plaintiff experienced stress and emotional distress.

WHEREFORE, Plaintiff prays for a judgment against all Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily limited to her physical injury and suffering, medical expenses, and her emotional pain and suffering; for punitive damages against Defendant Feldmann in his individual capacity; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT V - FAILURE TO INSTRUCT, TRAIN, SUPERVISE, CONTROL, AND/OR DISCIPLINE (AGAINST THE CITY OF FLORISSANT, THE CHIEF OF POLICE, THE MAYOR, AND THE BOARD OF ALDERMEN) COGNIZABLE UNDER 42 U.S.C. §1983

For Count V of Plaintiff's cause of action against Defendant The City of Florissant, and the Defendants Mayor, Chief of Police, and Board of Aldermen, Plaintiff states:

96.   Plaintiff incorporates by reference each and every allegation and averment previously asserted as though fully set forth herein.

18

97.     Defendant Feldmann violated the Constitutional rights of Plaintiff by falsely imprisoning her as set forth in Count I.

98.     Defendant Feldmann violated the Constitutional rights of Plaintiff by using excessive force against her as set forth in Count II and III.

99.     Defendant Feldmann violated the Constitutional rights of Plaintiff by filing false charges against her as set forth in Count IV.

100.    There exists within the Department policies or customs, practices and usages that are so pervasive that they constitute the policies of these Defendants, that caused the constitutional deprivations of Plaintiff as set forth herein.  The policies, customs, practices, and usages that exist are:

    a.  To target, arrest, and falsely prosecute persons of African-American decent (or to ignoring the fact that such individuals are being targeted);

    b.  To use excessive force without cause or provocation and when such force is neither authorized or warranted;

    c.  To ignore the policies and procedures of Florissant, by encouraging and/or permitting the use of excessive force against suspects;

    d.  To engage in a course of conduct designed to cover-up and insulate officers from sanctions, civil, criminal, and departmental, both by commission and omission (including but not limited to insufficient "use of force" reporting procedures and insufficient follow-up investigations of force incidents); and

      e.  To fail to adequately train, supervise, and/or discipline officers concerning the practices afore-described to assure compliance with Florissant Department policy, state and federal laws, and the Constitution of the United States.

101.   Alternatively and without waiver of the foregoing, Florissant's training program was not adequate to train its officers to properly handle reoccurring situations like the one involving Plaintiff, and therefore, Defendants had a policy or custom of failing to adequately train employees of the Florissant Police Department

102.   Florissant Police Department did not have adequate policies in place regarding the confirmation of arrest warrants. This failure led to individuals being falsely arrested and detained.

103.   The City of Florissant and its police department knew that more and/or different training was needed to avoid the likely use of excessive force, or the need for such training was obvious to Florissant.

104.   Florissant is vested with the duty, power and authority to train, supervise, discipline and otherwise control the officers of the Florissant Police Department, but has failed in its duty to so train, supervise and discipline Feldmann in general and specifically so as to conform their conduct with Constitutional requirements.  Specifically, Florissant has failed to adequately train, supervise and discipline officers of the Florissant Police Department in the proper and lawful use of force; failed to train, supervise and discipline officers with regard to post-use-of-force procedures.

105.    The failures as alleged herein caused the constitutional deprivations that were suffered by Plaintiff as set forth in all counts of this lawsuit.

106.    The acts of the Defendants as set forth herein were taken under color of state law.

107.    The failure to properly train its officers reflects a deliberate indifference to the Constitutional rights of the citizenry, such that inadequate training or supervision actually represents The City of Florissant's policy.

108.    As a direct and proximate result of the actions of the Defendants as set forth herein, Plaintiff was caused to sustain injuries and damages which included, but were not necessarily limited to: injury to her neck, back, and head; a worsening of her seizure condition; migraines; etc. Plaintiff has also suffered from anxiety and depression since the incident described herein.

109.    Plaintiff required, and became responsible for the cost of, medical care and treatment.  Plaintiff has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the actions of Defendants as alleged herein.

110.    As a direct and proximate result of the actions of Defendants, Plaintiff has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, change in appearance, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

WHEREFORE, Plaintiff prays for a judgment against the Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily limited to her physical injury and suffering, medical expenses, lost wages and her emotional pain and suffering; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT VI – MUNICIPAL LIABILITY FOR CIVIL RIGHTS DEPRIVATION 42 U.S.C. §1983 - (AGAINST DEFENDANT THE CITY OF FLORISSANT)

For Count VI of Plaintiff's cause of action against Defendant The City of Florissant, Plaintiff states:

111.    Plaintiff incorporates by reference each and every allegation and averment previously asserted as though fully set forth herein.

112.    On information and belief, incidents of racial profiling, improper arrest, faulty warrants, improper use of force, and police misconduct are so pervasive among officers with The City of Florissant Police Department as to constitute a custom or usage with the force of law.

113.    There is a continuing, widespread, persistent pattern of unconstitutional misconduct by the employees of The City of Florissant and its police department.

114.    Defendant The City of Florissant and its policy makers knew or should have known of this misconduct and taken steps to prevent such misconduct.

115.    The failure of such policy makers to take action signify either deliberate indifference or tacit authorization of that misconduct.

22

116.    This custom of deliberate indifference or tacit authorization was a moving force behind the Constitutional violations.

117.    Accordingly, Plaintiff's Constitutional rights were violated by an action pursuant to official municipal policy or misconduct so pervasive among non-policymaking employees of the municipality as to constitute a custom or usage with the force of law.

WHEREFORE, Plaintiff prays for a judgment against Defendant The City of Florissant for compensatory damages in an amount that is fair and reasonable to include but not necessarily limited to her physical injury and suffering, medical expenses, and her emotional pain and suffering; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

Respectfully submitted,

**NEWTON WRIGHT, L.L.P.**

By:     /s/ Talmage E. Newton IV
        Talmage E. Newton IV (MO56647)
        tnewton@newtonwrightlaw.com
        7515 Delmar Blvd.
        St. Louis, MO 63130
        (314) 272-4490 - Telephone
        (314) 762-6710 - Facsimile

        Attorneys for Plaintiffs

23