**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JOY ARNOLD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **No. 4:15CV00478** |
| | ) |
| THE CITY OF FLORISSANT, | ) |
| MISSOURI, *et al.*, | )  **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

**ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

Defendants the City of Florissant, Missouri, Kyle Feldmann, Timothy J. Lowery, Thomas P. Schneider, Tim Lee, Timothy Jones, Joseph Eagan, Jeff Caputa, Keith Schildroth, Gerard Henke, Jackie Pagano, Mark Schmidt, and Ben Hernandez, (*collectively, herein*, "the Defendants") hereby answer the Complaint of Plaintiff Joy Arnold as follows:

The Defendants deny each and every allegation of the Complaint, except as expressly admitted, qualified, or otherwise answered, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations contained in any averment or in the Complaint as a whole.  The Defendants also deny any and all allegations contained in headings, prayers for relief, and any unnumbered paragraphs of the Complaint, as well any chronological order implied by numbered paragraphs.

Further answering, the Defendants state as follows:

**COMPLAINT FOR DAMAGES**

**PARTIES AND JURISDICTION**

1.      The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this Paragraph; to the extent that further response is deemed necessary, the Defendants deny the allegations contained in this Paragraph.

2.      The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this Paragraph; to the extent that further response is deemed necessary, the Defendants deny the allegations contained in this Paragraph.

3.      Admitted.

4.      The Defendants admit only that Defendant the City of Florissant maintains a policy or policies of insurance; any implied allegation of any waiver of sovereign immunity is Plaintiff's own legal conclusion but to the extent any response to this implied allegation is deemed necessary, a waiver of sovereign immunity is specifically denied.

5.      The Defendants admit only that Defendant Feldmann was a City of Florissant Police Officer.  The Defendants neither admit nor deny the remaining allegations contained in this Paragraph of the Complaint because they constitute legal conclusions; to the extent that further response is deemed necessary, the Defendants deny the remaining allegations contained in this Paragraph.

6.      The Defendants neither admit nor deny the allegations contained in this Paragraph of the Complaint because they constitute legal conclusions; to the extent that further response is deemed necessary, the Defendants deny any factual allegations contained in this Paragraph.

7.     The Defendants neither admit nor deny the allegations contained in this Paragraph of the Complaint because they constitute legal conclusions; to the extent that further response is deemed necessary, the Defendants deny any factual allegations contained in this Paragraph.

8.     The Defendants admit only that Defendant Lowery is the Police Chief for the Florissant Police Department and, as such, is a supervisor of Defendant Feldmann and, to some degree or another, "in charge" of the Florissant Police Department.  The Defendants neither admit nor deny the remaining allegations contained in this Paragraph of the Complaint because they constitute legal conclusions; to the extent that further response is deemed necessary, the Defendants deny the remaining allegations contained in this Paragraph.

9.     The Defendants admit only that Defendant Schneider is the Mayor of the City of Florissant and is, purportedly, sued in his official capacity.  The Defendants neither admit nor deny the remaining allegations contained in this Paragraph of the Complaint because they constitute legal conclusions; to the extent that further response is deemed necessary, the Defendants deny the remaining allegations contained in this Paragraph.

10.     The Defendants admit only that Defendants Lee, Jones, Eagan, Caputa, Schildroth, Henke, Pagano, Schmidt, and Hernandez are members of the Florissant City Council and are, purportedly, sued in their official capacities.  The Defendants neither admit nor deny the remaining allegations contained in this Paragraph of the Complaint because they constitute legal conclusions; to the extent

that further response is deemed necessary, the Defendants deny the remaining allegations contained in this Paragraph.

      11.    Admitted, as alleged only.

      12.    The Defendants admit only that this action is purportedly brought pursuant to 42 U.S.C. § 1983 and § 1988 as alleged and that the Court has jurisdiction, based upon the allegations of the Complaint.  The Defendants deny any remaining allegations.

      13.    The Defendants admit that Plaintiff has demanded a trial by jury.

<strong>FACTS COMMON TO ALL COUNTS</strong>

**Payment Plan with the Municipal Court**

      14.    The Defendants admit only that Plaintiff was charged with a municipal infraction for defective muffler as amended from an original charge for failure to maintain insurance for a motor vehicle.  The Defendants further admit that Plaintiff entered in to a payment plan with the City of Florissant, on February 24, 2014, to resolve the foregoing charge and other then-outstanding traffic matters.  The Defendants deny any remaining allegations.

      15.    The Defendants admit only that Plaintiff made partial payment.

      16.    The Defendants deny that Plaintiff was contacted by a "court clerk," specifically, but the Defendants admit the remaining allegations.

      17.    Denied.

      18.    Denied.

      19.    The Defendants admit only that Plaintiff made the statement or similar statement as alleged in this Paragraph.  The Defendants are without

4

sufficient information to form a belief as to the truth of Plaintiff's alleged statement, to the extent that the truth of any such statement is alleged, the Defendants, therefore, deny those allegations.

20.    The Defendants admit that Plaintiff made a complaint, but deny the allegation that Plaintiff received no response.

21.    The Defendants admit that Plaintiff made a complaint, but deny the allegation that Plaintiff received no response.

22.    The Defendants admit only that Plaintiff made payment and was current with her payment plan on or about March 6, 2014.  The Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in this Paragraph; to the extent that further response is deemed necessary, the Defendants deny the remaining allegations contained in this Paragraph.

**Traffic Stop and Arrest**

23.    Admitted.

24.    The Defendants admit only that Defendant Feldmann was on duty as alleged when he observed a subject, known now to be Plaintiff, operating a motor vehicle.

25.    Admitted.

26.    Denied.

27.    Admitted.

28.    Admitted.

29.    Admitted.

5

30.     The Defendants admit only that a computer inquiry revealed an active warrant for "FTA [failure to appear] for Defective Equipment."  The Defendants deny any remaining allegations in this Paragraph.

31.     Admitted, generally.

32.     Denied.

33.     The Defendants admit that Plaintiff objected and that Plaintiff informed Defendant Feldmann that she had paid a fine; the Defendants deny that Plaintiff informed Defendant Feldmann of anything about any warrant.

34.     The Defendants admit only that Plaintiff told Defendant Feldmann, generally, that she "had a receipt for paying a summons by internet" or similar; the Defendants deny any remaining allegations of this Paragraph.

35.     Denied.

36.     Admitted, generally.

37.     The Defendants deny that Defendant Feldmann told Plaintiff to "shut the fuck up," as alleged in this Paragraph or otherwise; the Defendants deny that Plaintiff's requests were reasonable, under the circumstances, and deny the speculative and conclusory allegation that Plaintiff's "requests" "could have confirmed Plaintiff had indeed satisfied the warrant and ended this chain of events."  The Defendants admit that Defendant Feldmann took Plaintiff's cellular telephone from her car (before it was towed), placed Plaintiff under arrest, placed Plaintiff in handcuffs, and transported Plaintiff to the City of Florissant Police Station for processing and booking.

6

38.     The Defendants admit only that Defendant Feldmann had Plaintiff's car towed.  The Defendants deny all allegations regarding the basis or premise of Plaintiff's arrest.

**Detention and Assault**

As previously asserted, (*above*, at 1), the Defendants deny any and all allegations contained in headings, prayers for relief, and any unnumbered paragraphs of the Complaint, as well any chronological order implied by numbered paragraphs.  Further, if any response to Plaintiff's own legal conclusion asserted by the use of the term, "Assault," is deemed necessary, the Defendants deny all such allegations.

39.     The Defendants admit only that Plaintiff's coat and purse were searched; the Defendants admit that Plaintiff's handcuffs were removed and that she was placed in a holding cell, the door to which was left open.  The Defendants deny the remaining allegations.

40.     Admitted.

41.     The Defendants are without sufficient information to form a belief as to the truth of the allegations about Plaintiff's own beliefs contained in this Paragraph; to the extent that further response is deemed necessary, the Defendants, therefore, deny those allegations.   The Defendants admit the remaining allegations.

42.     Admitted, although the Defendants deny any implied allegations of Plaintiff's own intent ("to speak to her mother"), for lack of sufficient information

to form a belief as to the truth of any such allegations about Plaintiff's own subjective intent.

43.    Admitted.

44.    The Defendants are without sufficient information to form a belief as to the truth of the allegations about Plaintiff's own intent ("attempting to speak to her mother"); to the extent that further response is deemed necessary, the Defendants, therefore, deny those allegations.  The Defendants deny the allegations about "obvious means of egress," to the extent that there are doors present in the booking area of the Florissant Police Department, including the door toward which Plaintiff walked after she grabbed her cellular telephone.  The Defendants admit that Plaintiff began walking away from Defendant Feldmann after she grabbed her cellular telephone.

45.    Denied; if any response to Plaintiff's own legal conclusion asserted by the use of the term, "assaulted," is deemed necessary, the Defendants deny all such allegations.

46.    Denied; if any response to Plaintiff's own legal conclusion asserted by the use of the term, "assault," is deemed necessary, the Defendants deny all such allegations.

47.    Denied; if any response to Plaintiff's own legal conclusion asserted by the use of the term, "assault," is deemed necessary, the Defendants deny all such allegations.

48.    If any response to Plaintiff's own legal conclusion asserted by the use of the term, "assault," is deemed necessary, the Defendants deny all such

allegations.  The Defendants admit only that Plaintiff was placed in a holding cell and deny all remaining factual allegations.

49.     If any response to Plaintiff's own legal conclusion asserted by the use of the term, "assault," is deemed necessary, the Defendants deny all such allegations.  The Defendants deny that Plaintiff informed Defendant Feldmann about any epileptic seizure triggered on March 29, 2014, and deny that Plaintiff informed Defendant Feldmann that she required any medical attention.  The Defendants, upon information and belief, deny that Plaintiff suffered any epileptic seizure in the presence of Defendant Feldmann on March 29, 2014.  The Defendants are without sufficient information to form a belief as to the truth of the allegations about Plaintiff's medical condition ("suffers from a seizure disorder"); to the extent that further response is deemed necessary, the Defendants, therefore, deny those allegations.

50.     The Defendants admit only that Plaintiff was charged with resisting arrest, failure to comply with a police officer, and assault in the 3rd degree on a law enforcement officer.  If any response to Plaintiff's own legal conclusion asserted by the use of the term, "assault," is deemed necessary, the Defendants deny all such allegations.

51.     Denied.

52.     Denied; if any response to Plaintiff's own legal conclusion asserted by the use of the term, "assault," is deemed necessary, the Defendants deny all such allegations.

53.     Denied.

9

54.    Denied, to the extent that the bond posted was $900.00; upon information and belief, the Defendants admit the remaining allegations of this Paragraph.

**Medical Treatment, Internal Affairs Reporting, and Actions by the City**

55.    The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this Paragraph; to the extent that further response is deemed necessary, the Defendants deny the allegations contained in this Paragraph.  If any response to Plaintiff's own legal conclusion asserted by the use of the term, "assault," is deemed necessary, the Defendants deny all such allegations.

56.    The Defendants admit only that Plaintiff lodged a complaint.

57.    The Defendants are without sufficient information to form a belief as to the truth of the allegations of any "result" of any particular "complaint"; to the extent that further response is deemed necessary, the Defendants deny such allegations contained in this Paragraph.  The Defendants nevertheless generally admit the separate factual allegations asserted in subparagraphs (a.), (b.), and (c.) contained within this Paragraph.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

10

63.    The Defendants admit only that Defendant Feldmann has not been disciplined related to any allegation of the Complaint.  The Defendants deny that no one else has been disciplined related to the removal or cancellation of a warrant for Plaintiff's arrest.  The Defendants neither admit nor deny the allegations of an "invalid warrant," "false arrest," "assault," and "malicious prosecution" contained in this Paragraph of the Complaint because they constitute legal conclusions; to the extent that further response is deemed necessary, the Defendants deny those same allegations.

64.    Admitted.

## COUNT I – FALSE IMPRISONMENT (AGAINST DEFENDANTS FELDMANN AND THE CITY OF FLORISSANT) (STATE LAW CLAIM)

65.    The Defendants incorporate by reference their answers and responses to each and every allegation and averment set forth in the preceding paragraphs of the Complaint, as though fully set forth herein.

66.    Admitted.

67.    Denied.

68.    Denied.

69.    Denied.

FURTHER, the Defendants deny that Plaintiff is entitled to judgment on this Count.  Defendants deny, too, that Plaintiff is entitled to compensatory damages, punitive damages, costs, attorneys' fees, or any other relief sought in the Complaint.  The Defendants deny all factual allegations contained in Plaintiff's

Count introduction and in Plaintiff's prayer for relief and the Defendants deny that Plaintiff has stated any claim upon which relief can be granted.

## COUNT II – USE OF EXCESSIVE FORCE (ALL DEFENDANTS)

70.     The Defendants incorporate by reference their answers and responses to each and every allegation and averment set forth in the preceding paragraphs of the Complaint, as though fully set forth herein.

71.     Denied.

72.     Denied.

73.     The Defendants neither admit nor deny the allegations contained in this Paragraph of the Complaint because they constitute legal conclusions; to the extent that further response is deemed necessary, the Defendants deny any factual allegations contained in this Paragraph.

74.     The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

75.     Denied.

76.     Denied.

77.     Denied.

78.     The Defendants neither admit nor deny the allegations contained in this Paragraph of the Complaint because they constitute legal conclusions; to the extent that further response is deemed necessary, the Defendants deny any factual allegations contained in this Paragraph.

12

79.    Denied.

FURTHER, the Defendants deny that Plaintiff is entitled to judgment on this Count.  Defendants deny, too, that Plaintiff is entitled to compensatory damages, punitive damages, costs, attorneys' fees, or any other relief sought in the Complaint.  The Defendants deny all factual allegations contained in Plaintiff's Count introduction and in Plaintiff's prayer for relief and the Defendants deny that Plaintiff has stated any claim upon which relief can be granted.

### COUNT III – COMMON LAW ASSAULT & BATTERY (AGAINST ALL DEFENDANTS)

80.    The Defendants incorporate by reference their answers and responses to each and every allegation and averment set forth in the preceding paragraphs of the Complaint, as though fully set forth herein.

81.    Denied.

82.    Denied.

83.    The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

84.    Denied.

85.    Denied.

86.    Denied.

87.    The Defendants neither admit nor deny the allegations contained in this Paragraph of the Complaint because they constitute legal conclusions; to the

extent that further response is deemed necessary, the Defendants deny any factual allegations contained in this Paragraph.

88.    Denied.

FURTHER, the Defendants deny that Plaintiff is entitled to judgment on this Count.  Defendants deny, too, that Plaintiff is entitled to compensatory damages, punitive damages, costs, attorneys' fees, or any other relief sought in the Complaint.  The Defendants deny all factual allegations contained in Plaintiff's Count introduction and in Plaintiff's prayer for relief and the Defendants deny that Plaintiff has stated any claim upon which relief can be granted.

## COUNT IV – MALICIOUS PROSECUTION (AGAINST ALL DEFENDANTS)

89.    The Defendants incorporate by reference their answers and responses to each and every allegation and averment set forth in the preceding paragraphs of the Complaint, as though fully set forth herein.

90.    The Defendants deny the lack of probable cause alleged in this Paragraph.  The Defendants admit only that Plaintiff was charged as alleged in this Paragraph.  The Defendants neither admit nor deny the allegation that "Plaintiff was assaulted" because it constitutes a legal conclusion; to the extent that further response is deemed necessary, the Defendants deny that same allegation.

91.    The Defendants neither admit nor deny the allegations contained in this Paragraph of the Complaint because they constitute legal conclusions; to the extent that further response is deemed necessary, the Defendants deny any factual allegations contained in this Paragraph.

92.     Admitted, to the extent that the charges and record of arrest were expunged.

93.     The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

94.     The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

95.     The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

FURTHER, the Defendants deny that Plaintiff is entitled to judgment on this Count.  Defendants deny, too, that Plaintiff is entitled to compensatory damages, punitive damages, costs, attorneys' fees, or any other relief sought in the Complaint.  The Defendants deny all factual allegations contained in Plaintiff's Count introduction and in Plaintiff's prayer for relief and the Defendants deny that Plaintiff has stated any claim upon which relief can be granted.

**COUNT V – FAILURE TO INSTRUCT, TRAIN, SUPERVISE, CONTROL AND/OR DISCIPLINE (AGAINST THE CITY OF FLORISSANT, THE CHIEF OF POLICE, THE MAYOR, AND THE BOARD OF ALDERMEN) COGNIZABLE UNDER 42 U.S.C.§1983**

96.    The Defendants incorporate by reference their answers and responses to each and every allegation and averment set forth in the preceding paragraphs of the Complaint, as though fully set forth herein.

97.    The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

98.    The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

99.    The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

100.    The Defendants deny all factual allegations in this Paragraph and deny each and all of the factual allegations contained in subparagraphs (a.) through (e.).  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph, including in subparagraphs (a.) through (e.), but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

101.    The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this

Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    The Defendants neither admit nor deny the allegations contained in this Paragraph of the Complaint because they constitute legal conclusions; to the extent that further response is deemed necessary, the Defendants deny any factual allegations contained in this Paragraph.

107.    The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

108.    Denied.

109.    Denied.

110.    Denied.

FURTHER, the Defendants deny that Plaintiff is entitled to judgment on this Count.  Defendants deny, too, that Plaintiff is entitled to compensatory damages, punitive damages, costs, attorneys' fees, or any other relief sought in the Complaint.  The Defendants deny all factual allegations contained in Plaintiff's Count introduction and in Plaintiff's prayer for relief and the Defendants deny that Plaintiff has stated any claim upon which relief can be granted.

17

## COUNT VI – MUNICIPAL LIABILITY FOR CIVIL RIGHTS DEPRIVATION  42 U.S.C.§1983 (AGAINST THE CITY OF FLORISSANT)

111.    The Defendants incorporate by reference their answers and responses to each and every allegation and averment set forth in the preceding paragraphs of the Complaint, as though fully set forth herein.

112.    The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

113.    Denied.

114.    The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

115.    The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

116.    The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

117.    The Defendants deny all factual allegations in this Paragraph.  The Defendants neither admit nor deny the legal conclusions contained in this Paragraph but to the extent that further response to these legal conclusions is deemed necessary, the Defendants deny the same.

FURTHER, the Defendants deny that Plaintiff is entitled to judgment on this Count.  Defendants deny, too, that Plaintiff is entitled to compensatory damages, punitive damages, costs, attorneys' fees, or any other relief sought in the Complaint.  The Defendants deny all factual allegations contained in Plaintiff's Count introduction and in Plaintiff's prayer for relief and the Defendants deny that Plaintiff has stated any claim upon which relief can be granted.

_____

Further answering, the Defendants state as follows:

## ADDITIONAL RESPONSES

The Defendants deny all allegations in Plaintiff's Complaint not specifically admitted herein.

The Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

## JURY TRIAL DEMANDED

In the event that this case is not disposed of prior to trial, the Defendants, hereby demands a trial by jury on all issues triable by a jury.

_____

19

## AFFIRMATIVE DEFENSES

A.      Plaintiff's Complaint and each of the Counts therein fails to state a claim upon which relief can be granted, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and/or pursuant to state law under Rule 55.27 of the Missouri Rules of Civil Procedure.

B.      The Defendants are protected from liability and suit by qualified immunity.

C.      Plaintiff's state law claims are barred by the public duty doctrine.

D.      The Defendants are entitled to official immunity.

E.      The Defendants are entitled to sovereign immunity because, among other reasons, the Defendants have not waived sovereign immunity through the purchase of any policy of insurance.

F.      Defendants had justification for the arrest and detention of Plaintiff based upon probable cause.

G.      The Defendants acted, at all times alleged in Plaintiff's Complaint, in a manner which was proper, reasonable, and lawful, in the exercise of good faith, and based on reasonable suspicion and probable cause.  Further, the Defendants state that there existed reasonable suspicion, probable cause, just cause, legal cause, and/or reasonable cause under the circumstances involving Plaintiff, sufficient to undertake police action concerning Plaintiff at all times alleged in Plaintiff's Complaint, pursuant to state and federal law authorizing such actions.

H.     To the extent that Plaintiff's federal claims are based on the doctrine of *respondeat superior*, such claims are barred because the doctrine of *respondeat superior* is not a basis for recovery under 42 U.S.C. § 1983.

I.     The alleged conduct was, in whole or in part, properly within the discretionary authority committed to the Defendants to perform their official functions, and that the relief prayed for would constitute an improper intrusion by the federal judiciary into said discretionary authority.

J.     Plaintiff is not entitled to punitive damages because she cannot show that the Defendants acted with evil motive or reckless indifference.

K.     To the extent that Plaintiff's state claim seeks court costs, such costs should be dismissed as there is no waiver of sovereign immunity with respect to court costs.

L.     To the extent Plaintiff makes any claim for punitive damages against Defendant the City of Florissant, Missouri, or against other Defendants in their official capacities, such claims are not authorized by 42 U.S.C. § 1983.

M.     Further answering and by way of affirmative defense, the Defendants state that Plaintiff's claims for punitive damages violate the Defendants' rights secured by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and by Article 1, § 2, § 10, § 13 and § 21 of the Missouri Constitution and that the claims for punitive damages are for the purpose of punishing the Defendants and are tantamount to the imposition of a criminal fine based upon conduct and a mental state which is not defined with sufficient precision to notify defendants in advance that conduct which will give rise to imposition of

punishment in the form of punitive damages, in that the amount of the penalty that may be imposed is indeterminate because there are no standards governing the decision of the fact-finder in determining the severity of punishment to be inflicted, all of which violate the Defendants' rights to procedural and substantive due process secured by both the Federal and State Constitutions; the claims for punitive damages constitute an excessive fine and therefore deprive the Defendants of the guaranty secured by the Federal and State Constitutions that excessive fines shall not be imposed; the punitive damages claim discriminates against the Defendants on the basis of wealth, and that different amounts can be awarded against different defendants for the same act based only upon the difference in material wealth, and further the lack of standards for imposing punitive damages allows the fact-finder to impose punishment on one defendant while refusing to impose punishment on another defendant for engaging in the same or similar conduct, and therefore, is irrational, arbitrary and capricious, and constitutes a deprivation of the Defendants' rights to the equal protection of the law as secured by the Federal and State Constitutions; the claims for punitive damages amount to an *ex post facto* law and retrospective punishment, impairs the Defendants' rights to contract and to access to the courts, and further constitutes an uncertain remedy, all in contravention of the rights secured for the Defendants in the Federal and State Constitutions.

N.     Any injury or damage sustained by Plaintiff was sustained as the direct and proximate result of her own negligence, carelessness, and comparative fault and therefore Plaintiff is not entitled to recover from the Defendants or,

alternatively, any recovery by Plaintiff should be reduced by the percentage of her own negligence, carelessness, and comparative fault contributing thereto.

O.      To every extent possible, and as may be discovered during the course of litigation, Plaintiffs' claims are barred by all applicable statute of limitations.

P.      To the extent that any claim for damages in the Complaint would necessarily imply the invalidity of any related conviction or sentence, such claims are barred.

Q.      In further defense, the Defendants incorporate by reference each and every additional affirmative defense which may be uncovered or made known during the investigation and discovery in this case.  The Defendants specifically reserve the right to seasonably amend their Answer to include any and all affirmative defenses following their discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants the City of Florissant, Missouri, Kyle Feldmann, Timothy J. Lowery, Thomas P. Schneider, Tim Lee, Timothy Jones, Joseph Eagan, Jeff Caputa, Keith Schildroth, Gerard Henke, Jackie Pagano, Mark Schmidt, and Ben Hernandez respectfully requests that the Court dismiss this action against them with prejudice and assess costs against Plaintiff, as well as reasonable attorney's fees pursuant to 42 U.S.C. Section 1988, and grant such other relief as this Court seems just and appropriate.

Respectfully submitted,

**KING, KREHBIEL & HELLMICH, LLC**

**JASON S. RETTER**
Bar No. 59683MO

2000 South Hanley Road
St. Louis, MO  63144 1524
Phone:       314 646 1110
Fax:    314 646 1122
Email: jretter@kkhhb.com
*Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this ***1st*** day of ***June 2015***, the foregoing was filed electronically with the Clerk of Court to be served by operation of this Court's electronic filing system upon the following:

**Talmage E. Newton IV**
Newton Wright, LLP
7515 Delmar Boulevard
St. Louis, Missouri  63130
*Attorneys for Plaintiff*

JASON S. RETTER
KING, KREHBIEL & HELLMICH, LLC

24